UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-80087-CIV-MIDDLEBROOKS

LARRY KLAYMAN,

    Plaintiff,

vs.

BARACK OBAMA, et al.,

    Defendants.
_____/

### DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO STAY PROCEEDINGS ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE FOR AN EXTENSION OF TIME

#### INTRODUCTION

Plaintiff's motion for summary judgment represents an effort to short-circuit the ordinarily course of civil litigation, depriving Defendants of a chance to raise significant threshold defenses going to the Court's jurisdiction before responding to a prematurely-filed summary judgment motion. The Federal Rules of Civil Procedure provide that, after a plaintiff serves the United States Attorney's Office with a complaint, federal government defendants may take sixty days to file a responsive pleading. *See* Fed. R. Civ. P. 12(a)(2). Only then, after the defendant "has had time to file a responsive pleading or other pretrial proceedings have been had" is a motion for summary judgment typically appropriate. Fed. R. Civ. P. 56 advisory committee's note (2010 amendments). Consistent with that understanding, upon being served with Plaintiff's complaint on January 27, 2016, Defendants began preparing to file a motion to dismiss for lack of subject matter jurisdiction within their allotted sixty days — here, by March 28, 2016. That familiar pattern of civil litigation was upset, however, when Plaintiff moved for summary judgment on February 3, 2016, just a week after serving the U.S. Attorney's Office.

Defendants respectfully submit that all parties and the Court would be better served by placing this case back on the schedule on which it would have proceeded had Plaintiff not moved for summary judgment so early in this case. More specifically, for the reasons set forth below, Defendants respectfully request that this Court stay proceedings on Plaintiff's motion for summary judgment so that this Court may first rule on Defendants' forthcoming motion to dismiss. If granted, that motion, in which Defendants will argue that Plaintiff lacks Article III standing, would fully and completely resolve this litigation. If Defendants' motion is denied, Defendants would be prepared to respond to Plaintiff's motion for summary judgment within twenty-one days of the Court's order. In the alternative, Defendants ask the Court for an extension of the deadline by which they must respond to Plaintiff's motion from February 22, 2016, to March 28, 2016, the current deadline for a responsive pleading.

**BACKGROUND**

Plaintiff's lawsuit seeks to challenge a series of executive actions, announced by the President in early January 2016, that generally concern firearms. *See generally* Complaint (ECF No. 1). He targets numerous executive policies in particular and brings a total of seven causes of action under both the Administrative Procedure Act and the Constitution. *Id.* Plaintiff filed this lawsuit on January 18, 2016. *Id.* Because the United States Attorney's Office was served on January 27, 2016, Defendants' responsive pleading is currently due on March 28, 2016. *See* Fed. R. Civ. P. 12(a)(2). On February 3, 2015 — just one week after serving the U.S. Attorney's Office and two days after serving the Attorney General — Plaintiff filed a motion for summary judgment. *See* Pl.'s Mot. for S.J. (ECF No. 8). In response to Plaintiff's Complaint, Defendants intend to file a motion to dismiss for lack of subject matter jurisdiction.

**ARGUMENT**

I. **Deferring Summary Judgment Briefing Pending Resolution of Defendants' Motion to Dismiss Is the Most Logical and Efficient Way to Resolve This Case.**

This Court has the inherent authority to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "The district court possesses the inherent power to police its docket," *Mingo v. Sugar Cane Growers Co-op. of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989), and to "manage its calendar," *Jochum v. Schmidt*, 570 F.2d 1229, 1231 (5th Cir. 1978). Here, the Court should exercise that authority to allow this case to proceed in the normal course. The Court should first consider Defendants' forthcoming motion to dismiss and, only if that motion is denied, the Court should then consider Plaintiff's motion for summary judgment. Proceeding in such a fashion is most efficient for the Court and the parties.

The "first and fundamental" question for any court is that of jurisdiction. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). As the Supreme Court has recognized, "[t]he requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception," and therefore "[w]ithout jurisdiction the court cannot proceed at all in any cause." *Id.* at 94–95. Moreover, until this Court rules on the jurisdictional issue that Defendants will raise, "[a]llowing this case to proceed further would be a waste of the parties' time and resources." *Freeman v. Key Largo Volunteer Fire & Rescue Dep't, Inc.*, 841 F. Supp. 2d 1274, 1279 (S.D. Fla.) (dismissing complaint where it failed to establish threshold issues), *aff'd*, 494 F. App'x 940 (11th Cir. 2012). That is especially so where, as here, Plaintiff's claim to standing is so tenuous. For example, Plaintiff challenges the announcement of a Presidential Memorandum directing various executive departments to increase research focused on safe gun technology. *See, e.g.*, Compl.

3

¶¶ 76–81.  Plaintiff alleges that such technology "*could* enable the government, *perhaps* under a *future* president, to remotely disable all firearms owned by the people" or "*could* allow a tyrannical government to remotely turn off all the firearms in the country so equipped."  *Id.* ¶ 77 (emphases added).  It is hard to fathom how Plaintiff has suffered an injury that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical" because of such presidential encouragement.  *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (internal quotation marks and citations omitted).

Nothing in Rule 56 justifies proceeding to the merits of Plaintiff's motion prior to considering Defendants' motion.  In fact, the Advisory Committee notes for Rule 56 actually *encourage* courts to issue orders that will prevent the premature briefing of summary judgment motions filed at the commencement of a case:

> Although the rule allows a motion for summary judgment to be filed at the commencement of an action, in many cases the motion will be premature until the nonmovant has had time to file a responsive pleading or other pretrial proceedings have been had.  Scheduling orders or other pretrial orders can regulate timing to fit the needs of the case.

Fed. R. Civ. P. 56 advisory committee's note (2010 amendments).  Even if the resolution of Defendants' forthcoming motion does not dispose of this case in its entirety, at a minimum this Court's ruling on the motion to dismiss could narrow, or provide greater focus for, any issues remaining in this litigation.

Recognizing the wisdom of the Advisory Committee's caution, district courts routinely defer consideration of motions for summary judgment at least until after defendant has filed a responsive pleading.  *See, e.g.*, *Fabing v. Gill*, No. 8:12-CV-2579-T-30TBM, 2013 WL 589180, at *1 (M.D. Fla. Feb. 14, 2013); *Bryant v. Duffey*, No. 1:09-CV-53 (WLS), 2010 WL 476008, at *2 (M.D. Ga. Feb. 9, 2010); *White v. Smith*, No. 07-23381-CIV, 2010 WL 282593, at *1 (S.D.

4

Fla. Jan. 22, 2010); *see also Freedom Watch v. Dep't of State*, 925 F. Supp. 2d 55, 59 (D.D.C. 2013); *Furniture Brands Int'l Inc. v. U.S. Int'l Trade Comm'n*, No. 11-202, 2011 WL 10959877, at *1 (D.D.C. Apr. 8, 2011); *Daniels v. United States*, 947 F. Supp. 2d 11, 15 (D.D.C. 2013); *Hucul Advertising LLC v. Grand Rapids Charter Twp.*, No. 11-376, 2012 WL 381715, at *2 (W.D. Mich. Feb. 6, 2012); *Lee v. Walmart, Inc.*, 237 F. Supp. 2d 577, 578 (E.D. Pa. 2002).

Adopting Defendants' proposal would neither inconvenience the Court nor prejudice Plaintiff. As already stated, ruling first on Defendants' motion would potentially allow the Court to dispose of the case without ever having to consider merits questions. And the Court would not have to amend the scheduling order currently in place: Defendants' motion should be fully briefed by the end of April, allowing the Court time to rule on it in advance of the current June 13, 2016 motions deadline. *See* ECF No. 10. There is also no reason to believe that a delay would cause Plaintiff to suffer any prejudice. For one thing, it is entirely speculative whether granting Defendants' motion to stay would even delay the ultimate resolution of this case, as Defendants believe that their motion to dismiss will dispose of the case entirely. Even if the motion to dismiss is denied, however, this case can be decided swiftly: Defendants will file their opposition to Plaintiff's motion for summary judgment within twenty-one days of any denial of Defendants' motion.

* * *

At bottom, Plaintiff's motion for summary judgment is premature; he has offered no reason why the Court should depart from handling this case in the ordinary course. Consistent with Rule 56 and decisions from courts around the nation, briefing on Plaintiff's motion should be stayed until after resolution of threshold jurisdictional arguments. Defendants should have the opportunity afforded to them by the Federal Rules of Civil Procedure to move to dismiss and the Court should rule on that motion, assuring itself of jurisdiction and potentially conserving its

5

own resources and those of the parties.

## II. In the Alternative, the Court Should Grant Defendants an Extension of Time in Which to Respond to Plaintiff's Motion to March 28, 2016.

If the Court does not stay proceedings on the motion for summary judgment, Defendants ask that they be granted an extension of their time to respond to that motion to March 28, 2016. Granting that motion would allow Defendants to file their opposition combined with the dispositive motion they intend to file; the extension would also afford Defendants the sixty days for responding to Plaintiff's claims that the Federal Rules contemplate. *See* Fed. R. Civ. P. 12(a)(2). Having a full sixty days is particularly important here, where Plaintiff has filed a thirty-one page complaint raising seven causes of action, including both constitutional and APA claims, *see generally* Complaint, as well as a motion for summary judgment containing at least eight separate arguments, *see generally* Pl.'s Mot. for S.J. Extending Defendants' time to respond to Plaintiff's motion would also place this case on the same schedule on which it would have proceeded had Plaintiff not moved for summary judgment so quickly. Plaintiff knew when he filed this suit that the Federal Rules allowed federal defendants sixty days to serve a responsive pleading, and thus he cannot claim that he would be prejudiced by this request.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court stay all proceedings on Plaintiff's motion for summary judgment, and order that Defendants respond to Plaintiff's motion within twenty-one days of any denial of Defendants' motion to dismiss. In the alternative, Defendants ask that the Court grant their request for an extension of time in which to respond to Plaintiff's motion for summary judgment.

DATED: February 11, 2016                           Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

WIFREDO A. FERRER
U.S. Attorney

JOHN R. TYLER
Assistant Director, Federal Programs Branch

  /s/ Bailey W. Heaps
BAILEY W. HEAPS (CA Bar No. 295870)
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue NW
Washington, D.C. 20530
Telephone: (202) 514-1280
Facsimile: (202) 616-8470
Bailey.W.Heaps@usdoj.gov

*Counsel for Defendants*