UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-80087-CIV-MIDDLEBROOKS

LARRY KLAYMAN,

    Plaintiff,

vs.

BARACK OBAMA, et al.,

    Defendants.
_____/

### DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STAY PROCEEDINGS ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE FOR AN EXTENSION OF TIME *AND* RESPONSE TO PLAINTIFF'S CORRECTION TO MISLEADING PLEADINGS AND PROPOSED ORDER FILED BY DEFENDANTS' COUNSEL CONCERNING THEIR MOTION TO STAY

In his recently-filed opposition to Defendants' motion to stay, Plaintiff fails to respond with any specificity to any of Defendants' arguments in support of their motion to stay proceedings on Plaintiff's premature motion for summary judgment. Therefore, in reply to Plaintiff's opposition, Defendants refer the Court to the contentions advanced in their opening brief and note that a stay will prompt a more efficient and orderly disposition of this litigation. *See* ECF No. 11-1.[1]

As to Plaintiff's unsupported assertion that undersigned counsel made a "material misrepresentation by omission of the actual agreement reached between counsel," the record indicates otherwise.

---

[1] Plaintiff's filing of earlier today (February 11) is captioned on CM/ECF as his response to Defendants' Motion, *see* ECF No. 12, although the document's title is "PLAINTIFF'S CORRECTION TO MISLEADING PLEADINGS AND PROPOSED ORDER FILED BY DEFENDANTS' COUNSEL CONCERNING THEIR MOTION TO STAY." *Id.* at 1. Should Plaintiff later file a more substantive response to Defendants' Motion, Defendants reserve the right to file a further reply.

*First*, while the parties waited for Magistrate Judge Brannon to come onto the conference line for the February 4, 2016, scheduling conference, Plaintiff asked undersigned counsel how long Defendants might want to respond to Plaintiff's motion for summary judgment. Undersigned counsel informed Plaintiff that Defendants had made no decisions as to how to proceed, but that setting Defendants' deadline for responding to Plaintiff's motion at the same time as Defendants' deadline for a responsive pleading (March 28, 2016) might make some sense.  Plaintiff indicated that he had no problem with such a proposal.

*Second*, Defendants subsequently decided to file their Motion to Stay Proceedings on Plaintiff's Motion for Summary Judgment or in the Alternative for an Extension of Time.  *See* ECF No. 11.  In advance of filing that motion, undersigned counsel sent an e-mail at 9:06 a.m. on Tuesday, February 9, 2016, to Plaintiff (who is proceeding *pro se* in this matter) asking if he would consent to the stay and/or the extension of time.  *See* Exhibit A (attached hereto). Undersigned counsel expressly stated that Defendants would be asking for a stay, *or in the alternative*, for an extension of time.  By e-mail of 9:39 a.m. that same day, Mr. Klayman stated: "We will consent to allowing you to respond to the summary judgment motion at the time you respond to the complaint."  *See* Exhibit B (attached hereto).  By e-mail of 9:40 a.m., undersigned counsel wrote to Plaintiff to say "Thank you for your prompt response and for your consent to that part of our motion."  *See* Exhibit C (attached hereto).  Plaintiff did not respond to that message.

Consistent with Mr. Klayman's written representations, undersigned counsel stated in the certificate of conference submitted with Defendants' motion: "Pursuant to Local Civil Rule 7.1(a)(3), undersigned counsel conferred with Plaintiff (who is acting *pro se*), who indicated that he would consent to Defendants' request for an extension."  *See* ECF No. 11 at 1.

After Defendants filed their motion on the morning of February 11, however, Plaintiff informed undersigned counsel by telephone and e-mail that he does not in fact consent to any part of Defendants' motion. Mr. Klayman indicated that he opposes Defendants' motion in full.

The attached exhibits reflecting these communications plainly rebut Plaintiff's assertion that undersigned counsel has misrepresented anything at all. Moreover, Plaintiff's suggestion that what he agreed to was an extension of time (to March 28, 2016) for Defendants' response to Plaintiff's complaint, *see* ECF No. 12 at 1, makes no sense. The *Federal Rules of Civil Procedure* allow Defendants until such time to file a responsive pleading; Mr. Klayman need not indulge what the Federal Rules already permit.

In any event, for the reasons stated in Defendants' motion, *see* ECF No. 11, and because Plaintiff has offered nothing beyond bare assertions to the contrary, *see* ECF No. 12 at 2, Defendants respectfully request that the Court stay proceedings on Plaintiff's motion or, in the alternative, grant Defendants an extension of time until March 28 in which to respond to Plaintiff's motion for summary judgment.

DATED: February 11, 2016                Respectfully submitted,

                                              BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

WIFREDO A. FERRER
U.S. Attorney

JOHN R. TYLER
Assistant Director, Federal Programs Branch

 */s/ Bailey W. Heaps*
BAILEY W. HEAPS (CA Bar No. 295870)
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue NW
Washington, D.C. 20530

3

Telephone: (202) 514-1280  
Facsimile: (202) 616-8470  
Bailey.W.Heaps@usdoj.gov

*Counsel for Defendants*

**Certificate of Service**

       I hereby certify that a true and correct copy of the foregoing was served electronically on February 11, 2016, on all counsel or parties of record on the Service List below.

                                                */s/ Bailey W. Heaps*
                                        BAILEY W. HEAPS (CA Bar No. 295870)
                                        Trial Attorney
                                        U.S. Department of Justice
                                        Civil Division, Federal Programs Branch
                                        20 Massachusetts Avenue NW
                                        Washington, D.C. 20530
                                        Telephone: (202) 514-1280
                                        Facsimile: (202) 616-8470
                                        Bailey.W.Heaps@usdoj.gov

**SERVICE LIST**
MR. LARRY E. KLAYMAN, ESQ.
The Klayman Law Firm.
7050 W Palmetto Park Rd.
Suite 15-287
Boca Raton, Florida 33433
Email: leklayman@gmail.com
*Plaintiff*