UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-80087-CIV-MIDDLEBROOKS

LARRY KLAYMAN,

    Plaintiff,

vs.

BARACK OBAMA et al.,

    Defendants.
_____/

## DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF UNDISPUTED MATERIAL FACTS

### PRELIMINARY STATEMENT

Pursuant to Local Rule 56.1, Defendants submit this response to Plaintiff's Statement of Undisputed Material Facts. *See* ECF No. 8-1. As a preliminary matter, Plaintiff's Rule 56.1 statements largely fail to comply with controlling authority. First, Plaintiff has included numerous allegations and purported facts that are not material to the outcome of this suit. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986) ("As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted."); *see also Centennial Bank v. Noah Grp., LLC*, 755 F. Supp. 2d 1256, 1259 (S.D. Fla. 2010); *Scott v. Rite Aid of Ga., Inc.*, 918 F. Supp. 2d 1292, 1296 (M.D. Ga. 2013) ("The purpose of the statement of undisputed material facts is to allow the parties and the Court to efficiently and clearly identify any factual disputes. The inclusion of immaterial and irrelevant facts does nothing more than

1

waste the parties' and the Court's time."). Indeed, Plaintiff's Complaint presents constitutional and Administrative Procedure Act challenges to a series of Executive Branch initiatives that are purely legal. His purported statements of fact are therefore generally immaterial, except to the extent that any statements (where supported by record evidence) are material to jurisdictional issues. *See, e.g.*, *Daskalea v. Wash. Humane Soc'y*, 577 F. Supp. 2d 82, 87 n.3 (D.D.C. 2008) ("Plaintiffs' purported factual assertions are irrelevant to their Motion for Partial Summary Judgment because Plaintiffs only seek summary judgment on their facial challenge and, by definition, evaluating that claim only requires consideration of the text of the Act.").

Likewise, many of Plaintiff's statements do not cite to evidence in the record and thus cannot be credited by the Court. *See United States v. Arana*, No. 11-20172, 2011 WL 1348412, at *1 (S.D. Fla. Apr. 8, 2011) ("The moving party bears the burden of pointing to the part of the record that shows the absence of a genuine issue of material fact."); *T-Mobile S. LLC v. City of Margate*, No. 10-CV-60029, 2011 WL 1303898, at *1 n.1 (S.D. Fla. Apr. 4, 2011) ("Each disputed and undisputed fact must be supported by specific evidence in the record, such as depositions, answers to interrogatories, admissions, and affidavits on file with the Court."); Local R. 56.1 (setting forth that statement of material facts must "[b]e supported by specific references to pleadings, depositions, answers to interrogatories, admissions, and affidavits on file with the Court" and that uncontroverted statements may only be deemed admitted where "supported by evidence in the record").

Finally, some of Plaintiff's submissions "state legal conclusions that require no response." *McNamara v. Picken*, 950 F. Supp. 2d 193, 196 (D.D.C. 2013); *see also Barnext Offshore, Ltd. v. Ferretti Grp. USA, Inc.*, No. 10-23869-CIV, 2012 WL 1570057, at *3 n.8 (S.D. Fla. May 2, 2012) ("It is inappropriate to raise legal argument in a statement of material fact.");

*Diaz v. Team Oney, Inc.*, No. 07-21573-CIV, 2008 WL 9463871, at *1 (S.D. Fla. Apr. 29, 2008) (disregarding "legal conclusions" in a Local Rule 56.1 submission), a*ff'd,* 291 F. App'x 947 (11th Cir. 2008); *Congregation Rabbinical Coll. of Tartikov, Inc. v. Vill. of Pomona*, No. 07-CV-6304 KMK, 2015 WL 5729783, at *21 (S.D.N.Y. Sept. 29, 2015) ("[T]he Court can also disregard legal conclusions or unsubstantiated opinions in a Local Rule 56.1 statement.").

Consequently, beyond noting the specific paragraphs to which Defendants object on the above-stated grounds, this submission is solely designed to respond to Plaintiff's statement of undisputed material facts by identifying which of Plaintiff's assertions are disputed. In light of Defendant's motion for summary judgment, the use of the word "disputed" or similar references herein should not be construed to mean that Defendants believe that there are genuine issues of fact that would necessitate a trial. Rather, such language simply means that Defendants dispute Plaintiff's submission. Defendants maintain the position that there are *no* genuine issues of material fact with respect to the grounds entitling Defendants to summary judgment.

**I.     RESPONSE TO PLAINTIFF'S STATEMENT OF UNDISPUTED MATERIAL FACTS.**

1.     It is undisputed that, in early January 2016, the White House announced a series of executive actions aimed at reducing gun violence. *See* ECF No. 8-3.

2.     Defendants object to Plaintiff's characterization of the Executive initiatives. It is undisputed that Plaintiff has challenged some of them. *See id.*; *see also* Complaint.

3.     Defendants object to this paragraph because it does not set forth uncontroverted facts that are material to the outcome of this suit. *See Anderson*, 477 U.S. at 247–48.

4.     Plaintiff's characterization of the policies he challenges is a legal conclusion "that require[s] no response." *McNamara v. Picken*, 950 F. Supp. 2d 193, 196 (D.D.C. 2013). Further, Defendants object to this paragraph because Plaintiff's assertion is not "supported by

3

specific references to pleadings, depositions, answers to interrogatories, admissions, and affidavits on file with the Court." Local R. 56.1(a)(2).

5. Plaintiff's characterization of the policies he challenges is a legal conclusion "that require[s] no response." *McNamara*, 950 F. Supp. 2d at 196. Further, Defendants object to this paragraph because Plaintiff's assertion is not "supported by specific references to pleadings, depositions, answers to interrogatories, admissions, and affidavits on file with the Court." Local R. 56.1(a)(2).

6. Defendants object to this paragraph because it does not set forth uncontroverted facts that are material to the outcome of this suit. *See Anderson*, 477 U.S. at 247–48.

7. Defendants object to this paragraph because it does not set forth uncontroverted facts that are material to the outcome of this suit. *See Anderson*, 477 U.S. at 247–48.

8. Defendants object to this paragraph because it does not set forth uncontroverted facts that are material to the outcome of this suit. *See Anderson*, 477 U.S. at 247–48.

9. Undisputed, but Defendants object to this paragraph because it does not set forth uncontroverted facts that are material to the outcome of this suit. *See Anderson*, 477 U.S. at 247–48.

10. Defendants object to this paragraph because (1) Plaintiff makes a legal conclusion "that require[s] no response," *McNamara*, 950 F. Supp. 2d at 196, and (2) this paragraph does not set forth uncontroverted facts that are material to the outcome of this suit, *see Anderson*, 477 U.S. at 247–48.

11. It is undisputed that the ATF Guidance and the Presidential Memorandum challenged here issued in January 2016. *See* ECF No. 8-5; The White House, *Memorandum —*

Promoting Smart Gun Technology, https://www.whitehouse.gov/the-press-office/2016/01/05/memorandum-promoting-smart-gun-technology (Jan. 4, 2016).

12. Defendants object to this paragraph because it does not set forth uncontroverted facts that are material to the outcome of this suit. *See Anderson*, 477 U.S. at 247–48.

13. Defendants object to this paragraph because (1) Plaintiff makes a legal conclusion "that require[s] no response," *McNamara*, 950 F. Supp. 2d at 196, and (2) this paragraph does not set forth uncontroverted facts that are material to the outcome of this suit, *see Anderson*, 477 U.S. at 247–48.

14. Defendants object to this paragraph because (1) Plaintiff makes a legal conclusion "that require[s] no response," *McNamara*, 950 F. Supp. 2d at 196, and (2) this paragraph does not set forth uncontroverted facts that are material to the outcome of this suit, *see Anderson*, 477 U.S. at 247–48.

15. Plaintiff's characterization of the policies he challenges is a legal conclusion "that require[s] no response." *McNamara*, 950 F. Supp. 2d at 196.

16. Plaintiff's characterization of the policies he challenges is a legal conclusion "that require[s] no response." *McNamara*, 950 F. Supp. 2d at 196.

17. Plaintiff's characterization of the policies he challenges is a legal conclusion "that require[s] no response." *McNamara*, 950 F. Supp. 2d at 196.

18. Defendants dispute that they "have not issued — publicly — any formal guidance, order, memoranda, or other documentation of the changes." Defendants additionally object to this paragraph because it does not set forth uncontroverted facts that are material to the outcome of this suit. *See Anderson*, 477 U.S. at 247–48.

19. Defendants object to this paragraph because (1) Plaintiff's characterization of the policies he challenges is a legal conclusion "that require[s] no response," *McNamara*, 950 F. Supp. 2d at 196; (2) Plaintiff's assertion is not "supported by specific references to pleadings, depositions, answers to interrogatories, admissions, and affidavits on file with the Court," Local R. 56.1(a)(2); and (3) this paragraph does not set forth uncontroverted facts that are material to the outcome of this suit, *see Anderson*, 477 U.S. at 247–48.

20. Defendants object to this paragraph because Plaintiff's assertion is not "supported by specific references to pleadings, depositions, answers to interrogatories, admissions, and affidavits on file with the Court." Local R. 56.1(a)(2).

21. Undisputed. *See* ECF No. 8-5.

22. Defendants object to this paragraph because (1) Plaintiff's characterization of the policies he challenges is a legal conclusion "that require[s] no response," *McNamara*, 950 F. Supp. 2d at 196; (2) Plaintiff's assertion is not "supported by specific references to pleadings, depositions, answers to interrogatories, admissions, and affidavits on file with the Court," Local R. 56.1(a)(2); and (3) this paragraph does not set forth uncontroverted facts that are material to the outcome of this suit, *see Anderson*, 477 U.S. at 247–48.

23. Plaintiff's characterization of the policies he challenges is a legal conclusion "that require[s] no response," *McNamara*, 950 F. Supp. 2d at 196. In any event, Defendants dispute Plaintiff's assertion. SSA has announced it will initiate the rulemaking process; it has not issued a final rule that carries the force of law. *See* ECF No. 8-3 at 10 ("The [SSA] has indicated that it will begin the rulemaking process to ensure that appropriate information in its records is reported to NICS.").

24. Plaintiff's characterization of the policies he challenges is a legal conclusion "that require[s] no response," *McNamara*, 950 F. Supp. 2d at 196. In any event, Defendants dispute Plaintiff's assertion. SSA has announced it will initiate the rulemaking process; it has not issued a final rule that carries the force of law. *See* ECF No. 8-3 at 10 ("The [SSA] has indicated that it will begin the rulemaking process to ensure that appropriate information in its records is reported to NICS.").

25. Plaintiff's characterization of the policies he challenges is a legal conclusion "that require[s] no response," *McNamara*, 950 F. Supp. 2d at 196. Moreover, insofar as Plaintiff here references an HHS Rule, *see Health Insurance Portability and Accountability Act (HIPAA) Privacy Rule and the National Instant Criminal Background Check System (NICS)*, 81 Fed. Reg. 382-01 (2016), not the future SSA rule that he challenges in his Complaint, Defendants object to this paragraph because it does not set forth uncontroverted facts that are material to the outcome of this suit. *See Anderson*, 477 U.S. at 247–48.

26. This paragraph contains a legal conclusion "that require[s] no response." *McNamara*, 950 F. Supp. 2d at 196.

27. This paragraph contains a legal conclusion "that require[s] no response." *McNamara*, 950 F. Supp. 2d at 196.

28. Defendants object to this paragraph because it does not set forth uncontroverted facts that are material to the outcome of this suit. *See Anderson*, 477 U.S. at 247–48.

29. Defendants object to this paragraph because it does not set forth uncontroverted facts that are material to the outcome of this suit. *See Anderson*, 477 U.S. at 247–48.

30. Defendants object to this paragraph because it does not set forth uncontroverted facts that are material to the outcome of this suit. *See Anderson*, 477 U.S. at 247–48.

31. Defendants object to this paragraph because (1) Plaintiff's characterization of the policies he challenges is a legal conclusion "that require[s] no response," *McNamara*, 950 F. Supp. 2d at 196; (2) Plaintiff's assertion is not "supported by specific references to pleadings, depositions, answers to interrogatories, admissions, and affidavits on file with the Court," Local R. 56.1(a)(2); and (3) this paragraph does not set forth uncontroverted facts that are material to the outcome of this suit, *see Anderson*, 477 U.S. at 247–48.

32. Defendants object to this paragraph because (1) Plaintiff's characterization of the policies he challenges is a legal conclusion "that require[s] no response," *McNamara*, 950 F. Supp. 2d at 196; (2) Plaintiff's assertion is not "supported by specific references to pleadings, depositions, answers to interrogatories, admissions, and affidavits on file with the Court," Local R. 56.1(a)(2); and (3) this paragraph does not set forth uncontroverted facts that are material to the outcome of this suit, *see Anderson*, 477 U.S. at 247–48.

DATED: March 28, 2016

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

WIFREDO A. FERRER
U.S. Attorney

JOHN R. TYLER
Assistant Director, Federal Programs Branch

  */s/ Bailey W. Heaps*
BAILEY W. HEAPS (CA Bar No. 295870)
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue NW
Washington, D.C. 20530
Telephone: (202) 514-1280
Facsimile: (202) 616-8470
Bailey.W.Heaps@usdoj.gov

*Counsel for Defendants*