**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Palm Beach Division**

LARRY KLAYMAN

               Plaintiff,

     v.

BARACK OBAMA, President

       and

THOMAS E. BRANDON, Deputy Director of the
U.S. Department of Justice, Head of the Bureau of
Alcohol, Tobacco and Firearms

       and

LORETTA LYNCH, U.S. Attorney General

       and

THE UNITED STATES OF AMERICA

              Defendants.

**Case No. 9:16-cv-80087-
CIV-MIDDLEBROOKS**

<u>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**[1]
**AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT THEREOF**</u>

Larry Klayman, Esq.
FL Bar No. 246220
7050 W Palmetto Park Road, Unit 15-287
Boca Raton, Florida 33433
Telephone: (310) 595-0800
E-mail: leklayman@gmail.com

---

[1] Plaintiff writes separately in opposing the Motions to Dismiss and Summary Judgment.

# TABLE OF CONTENTS

**INTRODUCTION AND SUMMARY**.................................................................................... 1

**GOVERNING STANDARD OF LAW** ................................................................................ 2

**STATEMENT OF FACTS MATERIAL TO THE MOTION** ............................................ 3

    **Plaintiff's Complaint Alleges Grounds for Standing**............................................... 3

    **Defendants' Executive Order Has Effectively Changed the Law by Altering Plaintiff's
and Numerous Others' Substantial Rights** ............................................................... 4

**ARGUMENT** ........................................................................................................................ 6

    **Defendants Fail to Take Allegations of the Complaint as True**............................... 6

        Plaintiff Has Properly Alleged that Defendants' Executive Orders Constitute Final Agency
Action........................................................................................................................ 7

    **Plaintiff Has Alleged Facts Establishing Standing** ................................................. 7

        Plaintiff has Satisfied Prudential Standing for Actions Arising out of the APA .................. 9

        Plaintiff has Alleged a Cognizable Injury in Fact.................................................... 9

            Substantive APA Claims................................................................................... 9

            Procedural APA Claims .................................................................................. 11

            SSA Rule ........................................................................................................ 12

    **CONCLUSION** ......................................................................................................... 13

# TABLE OF AUTHORITIES

**Cases**

*Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137 (D.C. Cir. 2011)...................................................... 3

*Barrick Goldstrike Mines Inc. v. Browner*, 215 F.3d 45 (D.C. Cir. 2000) ..................................... 7

*Ctr. for Law & Educ. v. Dep't of Educ*, 396 F.3d 1152 (D.C. Cir. 2005)................................... 11

*Griffin Industries, Inc. v. Irvin*, 496 F.3d 1189 (11th Cir. 2007)................................................... 3

*Hishon v. King & Spalding*, 467 U.S. 69 (1984) .......................................................................... 3

*Jenkins v. McKeithen*, 395 U.S. 411 (1969) ................................................................................. 3

*Mendoza v. Perez*, 754 F.3d 1002 (D.C. Cir. 2005) ................................................................... 11

*Nat'l Pork Producers Council v. EPA*, 635 F.3d 738 (5th Cir. 2011) ......................................... 7

*NRDC v. EPA*, 643 F.3d 311 (D.C. Cir. 2011) ........................................................................... 7

*Sierra Club v. Johnson,* 436 F.3d 1269 (11th Cir. 2006)........................................................... 11

*Texas v. United States of America*, 809 F.3d 134 (5th Cir. Tex. 2015)................................... 8, 9

*Thaeter v. Palm Beach County Sheriff's Office*, 449 F.3d 1342 (11th Cir. 2006) ........................ 3

*Thomas v. Principi*, 394 F.3d 970 (D.C. Cir. 2005) ..................................................................... 3

*Warth v. Seldin*, 422 U.S. 490 (1975) ........................................................................................... 8

**Statutes**

Administrative Procedure Act................................................................... 2, 4, 5, 6, 7, 8, 9, 10, 11

Title I, State Firearms Control Assistance (18 U.S.C. Chapter 44), of the Gun Control Act of
    1968 (82 Stat. 1213)........................................................................................................... 12

**Rules**

Federal Rules of Civil Procedure ("FRCP") Rule 12(b)(1) ........................................................ 6

Federal Rules of Civil Procedure ("FRCP") Rule 12(b)(6)................................................. 1, 2, 6

**Regulations**

27 C.F.R. §478.32 ....................................................................................................................... 12

28 C.F.R. 25 ............................................................................................................................... 12

## PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT THEREOF

Plaintiff respectfully requests that the Court deny the Defendants' Motion to Dismiss for the reasons set forth in his incorporated Memorandum of Law below.

## MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO DISMISS

## I.    INTRODUCTION AND SUMMARY

The Plaintiff, like other U.S. citizens, never imagined himself to be a firearms dealer, but now suddenly he has been designated as a dealer by sweeping, overbroad and arbitrary executive orders.  On January 4, 2016, the White House announced President Obama's series of orders and actions as an initiative, which Obama titled "*New Executive Actions to Reduce Gun Violence and Make Our Communities Safer*".[2] (the "Executive Orders"). Now, under these Executive Orders, which Defendants clearly intended to operate as rules and regulations, almost anyone can be a dealer – even being entirely unaware of that status suddenly applying to them.

Defendants challenge Plaintiff's complaint under the contention that Plaintiff lacks standing to assert Plaintiffs' claims. However, Defendants' fundamental error is that Defendants fail to take Plaintiffs' well pleaded facts as true, pursuant to Fed R. Civ. Proc. 12(b)(6). Taken as true, Plaintiffs' complaint clearly pleads how Defendants' Executive Orders have caused Plaintiff concrete injury in fact sufficient to confer standing.

The Defendants have rewritten laws concerning the right to buy or sell or be a dealer in firearms so as to burden and abridge Plaintiff's fundamental rights under the Second Amendment to the U.S. Constitution.  Under the new gun control executive orders, the Plaintiff could be designated as a "dealer" and subjected to firearm regulation with criminal penalties.  These actions are unconstitutional, illegal under the Administrative Procedures Act, and *ultra vires*.  In

---

[2] Docket No. 8-3

sum, these actions are unconstitutional abuses of the executive branch's role in our nation's constitutional architecture and exceed the powers of the President as set forth in the U.S. Constitution.

Defendants cynically label a fundamental transformation of the law as merely administrative "guidance" in order to avoid the substantive and procedural requirements of the Administrative Procedure Act ("APA"). Defendants claim, "…the Guidance merely provides the public with a plain English summary of when the relevant statutory scheme deems an individual to be a firearms "dealer" such that he or she must obtain a Federal Firearms License."[3] The definition of "dealer" is crucial insofar as it wholly determines whether a person will either be a subject to criminal liability for buying, selling, or transporting a gun without fulfilling certain prerequisite steps. Defendants' new executive order has rendered the term "dealer" entirely vague and therefore subjected Plaintiff, and numerous others, to potential criminal prosecution.

Moreover, the inclusion of poorly defined red flags as to mental health in the National Instant Criminal Background Check System ("NICS") is a radical change from current law. Pursuant to the Executive Orders, the Social Security Administration ("SSA") will commence rule-making procedures to "ensure that appropriate information is reported to NICS."[4] Not only is such reporting a clear and blatant invasion of medical records privacy rights that each and every American enjoys, now persons can be deprived of their Second Amendment rights and constitutional rights to privacy based solely on reported information, whether accurate or not.

## II.    GOVERNING STANDARD OF LAW

FRCP Rule 12(b)(6) governs a motion for "failure to state a claim upon which relief can

---

[3] Docket No. 18-1 *Defendants' Motion to Dismiss and Motion for Summary Judgment* ("Defendants' Motion") at 1
[4] Docket No. 8-3

2

be granted."  In considering a motion to dismiss under Rule 12(b)(6), a court must take all well pleaded facts in the complaint as true and view them in the light most favorable to Plaintiff.  *See Jenkins v. McKeithen*, 395 U.S. 411, 421(1969).  On a motion to dismiss under FRCP Rule 12(b)(6), "We are required to accept the facts as set forth in the plaintiff's complaint as true, and our consideration is limited to those facts contained in the pleadings and attached exhibits." *Thaeter v. Palm Beach County Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006)) (quoting *Griffin Industries, Inc. v. Irvin*, 496 F.3d 1189, 1199 (11th Cir. 2007)).  A federal court must also "'construe the complaint liberally, granting plaintiff the benefit of all inferences that can be derived from the acts alleged' and upon such facts determine jurisdictional questions." *Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (quoting *Thomas v. Principi*, 394 F.3d 970, 972 (D.C. Cir. 2005) (quoting *Barr v. Clinton*, 370 F.3d 1196, 1199 (D.C. Cir. 2004))); *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 747 (Fed. Cir. 1988). A complaint should only be dismissed if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232, 81 L. Ed. 2d 59 (1984).

## III.   STATEMENT OF FACTS MATERIAL TO THE MOTION

### A.  Plaintiff's Complaint Alleges Grounds for Standing

The Defendants' Memorandum largely and effectively admits the Plaintiff's factual allegations, while trying to spin those facts.  The Complaint alleged facts sufficient to establish standing:[5]

> 8. Plaintiff Klayman is the owner of guns for his protection, include two 9 millimeter handguns and one .45 caliber in part as a prized collector's item as well as in self defense, all properly licensed and permitted. He also holds a Florida concealed weapons permit. As a lawyer, Klayman has sued terrorist

---

[5] Docket No. 1 ¶¶8-11

3

organizations and countries for supporting terrorism. Especially while litigating against the Clintons, he has been actually threatened with death threats, even having a man appear suddenly inside his house. He therefore needs the protections of the Second Amendment.

9. The Plaintiff Klayman intends to exercise his Second Amendment rights including the right to keep and bear arms, own, and carry firearms, and buy and sell guns as permitted by current law. He intends to do what is lawful under current law to lawfully buy, sell, trade, or gift these guns or additional guns like any other American considered about safety. However, these new rules will most definitely "infringe" upon the right to keep and bear arms that the Second Amendment says cannot be infringed.

10. Now, the Plaintiff is at legal risk because his intended conduct is legal under current law but would become prohibited under the Defendants' re-interpretation of the law, subjecting the Plaintiff to legal action by the Defendants. Given the prominence of the Plaintiff in challenging the status quo in government and in particular the Obama administration, such legal action is likely by these Defendants.

11. Therefore, the Plaintiff is entitled to sue for declaratory judgment to avoid legal jeopardy from undertaking actions that are legally permitted if the Defendants' new gun control rules are invalid but which might well subject him to legal jeopardy if those rules are legally valid. Under well-settled law, one does not need to commit acts incurring legal jeopardy before testing the validity of those legal rules.

## B. Defendants' Executive Order Has Effectively Changed the Law by Altering Plaintiff's and Numerous Others' Substantial Rights

In the Defendants' Memorandum, the Defendants largely and effectively admit that the Plaintiff's Complaint is accurate and correct, specifically in that the Defendants have substantively changed the laws enacted by Congress, all while claiming that they have issued only "guidance" that does not require compliance with the APA.  The Defendants concede: "[g]un violence has taken a heartbreaking toll on too many communities across the country," President Obama in early January 2016 announced a series of initiatives aimed at reducing gun violence.[6]

---

[6] Docket No. 18-1 at 3

That is, the challenged programs are intended to produce a change in society which can only be a legislative act, specifically "reducing gun violence" "across the country." Furthermore, the Defendants concede:

> The policies announced by the President, and crafted in consultation with the Attorney General, FBI Director, and Head of the Bureau of ATF were designed "to strengthen our enforcement and prevent guns from falling into the wrong hands to make sure that criminals, people who are mentally unstable, those who could pose a danger to themselves or others are less likely to get them."[7]

The challenged programs are "to strengthen our enforcement." As such, Defendants' programs cause U.S. citizens to be prosecuted who would not otherwise be prosecuted. The programs are intended to "prevent guns from falling into the wrong hands" so as to legislatively change the behavior of U.S. citizens with regard to fundamental rights.

Lastly, the Press Secretary of the Executive Office of the President, Josh Earnest, authorized to speak publicly on behalf of the Defendants as their agent, admitted on January 5, 2016, that the orders effecting and implementing the <u>change in the law</u> has not yet been publicly released:

> MR. EARNEST: "I'm not sure what sort of administrative paperwork is required to implement the policy that the President discussed today, but we can certainly consult with Counsel's Office here and get back to you with an answer on that."[8]

Mr. Earnest clearly indicates that Defendants plan to "implement the policy that the President discussed today". If, in actuality, as Defendants argue, the ATF Guidance and the White House Fact Sheet merely serve as guidance, and not legislation, there would be nothing to implement.

///

//

---

[7] Docket No. 18-1 at 3-4
[8] Docket No. 8-4 *Press Briefing by Press Secretary Josh Earnest*

IV.   <u>ARGUMENT</u>

**A.  Defendants Fail to Take Allegations of the Complaint as True**

Much of Defendants' Motion to Dismiss is grounded on Defendants' failure to take Plaintiff's well-pleaded facts as true. For instance, Defendants argue that the Court "lacks subject matter jurisdiction to consider Plaintiff's APA challenges to the ATF Guidance…for the additional reason that the ATF Guidance is not final agency action."[9] However, Plaintiff's complaint clearly pleads that Defendants' Executive Order "affect individual rights and obligations" and  "puts a stamp of agency approval or disapproval on a given type of behavior."[10] Additionally, Plaintiff pled, "…these new rules will have the force of law, even to the point of criminal prosecution…. [t]therefore, the new rules are in fact regulations and not guidance. The federal courts have rejected the idea that an agency can escape judicial review under Section 704 of the APA by labeling a rule as a 'guidance.'"[11]

Under Federal Rules of Civil Procedure ("FRCP") Rule 12(b)(1) or 12(b)(6), the allegations of the Complaint must be taken as true, along with all reasonable inference drawn therefrom, for purposes of a motion to dismiss. Thus, Defendants err in seeking to contradict the allegations of the Complaint and seek to have the Complaint dismissed merely because the Defendants disagree with the allegations contained therein. Moreover, even without the benefit of the presumption that Plaintiff's allegations are well-pled, Plaintiff's complaint still describes in detail <u>how</u> Defendants' Executive Orders are effectively final agency regulations— specifically that they change the substantial rights of Plaintiffs and numerous others by changing the definition of "dealer" for the purposes of enforcing gun-control laws.

---

[9] Docket No. 18-1 at 15.
[10] Docket No. 1 ¶107, 117.
[11] Docket No. 1 ¶31, 32.

### 1.  Plaintiff Has Properly Alleged that Defendants' Executive Orders Constitute Final Agency Action

As described above, *supra* section IV(A), Plaintiff has pled that Defendants' Executive Orders do, in fact, constitute final agency action as regulations. Therefore, Defendants' primary argument that "[a]bsent final agency action, Plaintiff's APA claims must be dismissed for lack of subject matter jurisdiction"[12] is improperly brought and cannot be sustained. Defendants' arguments to the contrary are improperly brought in this context and must be ignored.

Even more, the issuance of a guideline or guidance may constitute final agency action under existing case law.  *Barrick Goldstrike Mines Inc. v. Browner*, 215 F.3d 45, 48 (D.C. Cir. 2000). "Guidance" document constitutes final agency action reviewable under Section 704 insofar as it restrains administrative staff 's discretion.  *Nat'l Pork Producers Council v. EPA*, 635 F.3d 738, 755-56 (5th Cir. 2011) ; *NRDC v. EPA*, 643 F.3d 311, 319-20 (D.C. Cir. 2011). The ATF is an "agency" under the APA. 5 U.S.C. § 551(1). Now, the ATF has been mandated by Defendants to apply the new definition of "dealer" in the exercise of its functions, thus restraining its discretion. Defendants' assertion that the "guidance" is not legislation and only an accumulation of case law is contravened by their own admissions.

### B.  Plaintiff Has Alleged Facts Establishing Standing

Plaintiffs pleads in his complaint that he "is the owner of guns for his protection, include[ing] two 9 millimeter handguns and one .45 caliber in part as a prized collector's item as well as in self defense, all properly licensed and permitted. He also holds a Florida concealed weapons permit."[13] As a licensed gun owner and collector, Plaintiff can purchase and sell firearms, and can continue to do so in the future. Crucially, Plaintiff has the current right to sell

---

[12] Docket No. 18-1 at 13.
[13] Docket No. 1 ¶8.

7

his firearms in the future, especially given the fact that he own collectors' pieces.[14] Prior to

Defendants' Executive Orders, Plaintiff would have been free to sell or transport any of his

firearms without fear of criminal repercussions. Now, however, given the vague new definition

of a "dealer" set forth by Defendants' Executive Orders, Plaintiff may be categorized as a

"dealer" who's ability to freely sell and transport firearms has been stripped away. This clear

injury to Plaintiff's Second Amendment rights confers to Plaintiff standing, in that it is caused

directly by Defendants' Executive Orders and can be redressed only with a declaration and ruling

from this Court that Defendant's actions are illegal and invalid.

As standing is a "threshold question in every federal case," *Warth v. Seldin,* 422 U.S.

490, 498 (1975). In order to have standing, a Plaintiff must "show an injury that is 'concrete,

particularized, and actual or imminent; fairly traceable to the challenged action; and redressable

by a favorable ruling.' *Texas v. United States*, 809 F.3d 134, 150-151 (5th Cir. Tex. 2015).

"When a litigant is vested with a procedural right, that litigant has standing if there is some

possibility that the requested relief will prompt the injury-causing party to reconsider the

decision that allegedly harmed the litigant." *Id*. In *Texas v. United States*, the Fifth Circuit—

which once was part of the U.S. Court of Appeals for the Eleventh Circuit—decided a case

which was markedly similar to the facts at hand. *Id*. The Fifth Circuit in *Texas* held that

Defendant Barack Obama violated both the procedural and substantive aspects of the APA when

he, by executive order without undergoing the formal rule-making process, changed the law to

effectively grant amnesty or "safe-harbor" and various regulatory benefits to illegal aliens. *Id*.

Here, Defendants—including President Barack Obama again—have attempted again to forego

---

[14] Docket No. 1 ¶8-9.

the formal rule-making process and create new law through their Executive Orders, despite the Fifth Circuit's ruling.

In *Texas*, the Fifth Circuit upheld the lower court's determination that Plaintiff Texas had standing to challenge Defendant Barack Obama's unconstitutional executive orders because those executive orders caused a specified harm on Texas—namely that Texas would have to incur additional costs providing driver's licenses for those granted "safe-harbor" under Defendant Barack Obama's executive order. Similarly, Plaintiff here has suffered cognizable, concrete injuries caused directly by Defendants' executive orders, as described herein, as he risks criminal prosecution if he violates Defendants' executive orders.

Here, Plaintiff will be subject to criminal prosecution if he violates the executive orders.

### 1. Plaintiff Has Satisfied Prudential Standing for Actions Arising out of the APA

Plaintiff has met the prudential standing requirements for claims under the APA because Plaintiff's asserted injury is "arguably within the zone of interests to be protected or regulated by the statute" *Id*. at 162.  There is a favorable presumption in favor of the Plaintiff, yet Defendants have failed to offer any facts to rebut this presumption. Nonetheless, Plaintiff satisfies this requirement—Defendants' regulation seeks to restrict the purchase, sale, and transport of firearms, which clearly encompasses Plaintiff's interest in protecting his right to purchase, sell, and transport his firearms as Plaintiff alleged in his Complaint: "[Plaintiff] intends to do what is lawful under current law to lawfully buy, sell, trade, or gift these guns or additional guns like any other American considered about safety." [15]

### 2. Plaintiff Has Alleged a Cognizable Injury in Fact

#### a. Substantive APA Claims

---

[15] Docket No. 1 ¶9.

Defendants contend that Plaintiff has failed to allege that "he is current or is in the future will be 'engage[ed] in the business of importing, manufacturing, or dealing firearms'"[16]— essentially arguing that Plaintiff failed to allege that he will be a "dealer" of firearms. Plaintiff's entire argument on this issue is that "the Defendants ordered the ATF to apply a new and different interpretation of who is a 'dealer' for the purposes of these statutes"[17] and that now, due to Defendants' Executive Orders, Plaintiff may be considered a "dealer". Defendants' Executive Orders expressly state that a person can be found to be a dealer when "only one or two transactions took place".[18] Defendants concede that "Plaintiff has alleged that he intends to 'buy, sell, trade, or gift these guns or additional guns….'" By applying the definition of "dealer" set forth in Defendants' Executive Orders, Plaintiff absolutely could be categorized as such, and as a result, be subject to imprisonment and fines for the exact conduct that would have been deemed legal prior to Defendants' Executive Orders.

Accordingly, Plaintiff is threatened with the threat of concrete and particularized harm— imprisonment and/or fines—that is actual or imminent, since Defendants' Executive Orders went into effect on January 5, 2016.[19] Plaintiff's injury is directly traceable to Defendants' Executive Orders insomuch as Defendants' Executive Orders rendered Plaintiff's once clearly lawful conduct now subject to a new, vague, interpretation of the term "dealer" from which criminal liability can be imposed. Lastly, Plaintiff's injury is redressable upon a legal finding and declaration that Defendants' Executive Orders are unlawful because such a declaration would restore the *status quo* and allow Plaintiff to continue to freely exercise his Second Amendment

---

[16] Docket No. 18-1 at 13.
[17] Docket No. 1 ¶54.
[18] Docket No. 8-3.
[19] Docket No. 1 ¶28, Docket No. 8-4.

rights. Thus, Plaintiff has properly pled standing for his substantive APA claims.

### b. Procedural APA Claims

Next, Defendants claim that Plaintiff has not plead injury in fact related to Defendants' failure to use notice-and comment rulemaking when promulgating their new gun control regulations. In this context, "a plaintiff has established procedural injury standing if he has established that the claimed violation of the procedural right caused a concrete injury in fact to an interest of the plaintiff that the statute was designed to protect." *Sierra Club v. Johnson*, 436 F.3d 1269, 1278 (11th Cir. 2006). Courts relax the imminence and redressibility requirements for procedural Plaintiffs. *Ctr. for Law & Educ. v. Dep't of Educ.*, 396 F.3d 1152, 1159 (D.C. Cir. 2005). "Plaintiffs asserting a procedural rights challenge need not show the agency action would have been different had it been consummated in a procedurally valid manner—the courts will assume this portion of the causal link. Rather, plaintiffs simply need to show the agency action affects their concrete interests in a personal way." *Mendoza v. Perez*, 754 F.3d 1002, 1012-1013 (D.C. Cir. 2014) (internal citations omitted)

Here, clearly Plaintiff's—and numerous others'—procedural rights have been violated. As alleged in Plaintiff's complaint, "Defendants announced new gun control rules without authority and without notice-and-comment rulemaking."[20] In order to have standing to challenge Defendants' disregard for procedure, Plaintiff only needs to show "the agency action affects [his] interests in a personal way." *Id*. As described above, *supra* section IV(B)(2)(a), Defendants Executive Orders rendered Plaintiff subject to criminal liability for exercising his Second Amendment rights in a fashion that was previously undeniably legal. Thus, Defendants' actions

---

[20] Docket No. 1 ¶99

clearly have affected Plaintiff's interests in a personal way, and Plaintiff has standing to challenge Defendants' procedural deficiencies.

### c. SSA Rule

Defendants' Executive Orders stated "[t]he Social Security Administration will begin the rulemaking process to include information in the background check system about beneficiaries who are prohibited from possessing a firearm for mental health reasons."[21] "The reporting that SSA…is expected to require will cover appropriate records of the approximately <u>75,000</u> people each year who have a documented mental health issue, receive disability benefits…."[22] As such, the clear result of such rule would be to preclude a whole new subset of individuals from purchasing firearms legally, and thus restraining their Second Amendment Rights.

Currently, Under 27 C.F.R. 478.32, implementing Title I, State Firearms Control Assistance (18 U.S.C. Chapter 44), of the Gun Control Act of 1968 (82 Stat. 1213), as amended, a person is denied the right to buy a firearm (a dealer may not sell to them) who has been ***formally adjudicated by a competent court*** to be…."a mental defective or has been committed to a mental institution." Reports from the judicial branch as to who has been convicted of a felony or adjudicated mentally incompetent, etc., are entered into NICS, which is managed by the Federal Bureau of Investigations (FBI).  28 C.F.R. 25. Now, the Executive Orders have effectively mandated that the SSA's determination of "mental health reasons" be implemented in the determination of who qualifies to legally purchase a firearm. As such, Plaintiff, who prior to the Executive Orders, would undeniably have qualified as a legal purchaser of firearms because Plaintiff had never been "formally adjudicated by a competent court to be…a mental defective…" now suddenly is subject to determination from the SSA as to his mental fitness to

---

[21] Docket No. 8-3
[22] *Id*. (emphasis added)

purchase a firearm. The SSA is not subject to the same procedures as those of a competent court, and can insofar as it reports relevant data to NICS, it can just easily report inaccurate or fabricated information. Plaintiff stands to be affected by such a sweeping and arbitrary change that violates Plaintiff's constitutional rights to privacy. Taken as true, Plaintiff's Complaint alleges that:[23]

> Under the Defendants' new January 4, 2016, initiative, persons including the Plaintiff can lose their rights under the Second Amendment without the due process of law for that liberty interest under the Fifth Amendment, merely by the subjective opinion of someone that they have a mental health issue. However, even now those who disagree with the Defendants are being labeled as mentally ill for disagreeing with politically correct opinions. Indeed, some activists argue that owning a gun is a sign of mental illness. Sadly, as we consider the long-term political durability of our nation even long after the current President has left office, it is an undeniable matter of historical fact that dissidents from the political opinions of the government have been suppressed by falsely labeling those dissidents as having mental health issues, famously on a massive scale in the Soviet Union and the Nazi Third Reich.

As a direct result of Defendants' Executive Orders, Plaintiff's ability to legally purchase a firearm went from undeniably qualified to suddenly in question due to the SSA's newfound and overbroad authority to violate one's right to privacy in order to determine who is "mentally fit". This is a concrete, particularized, and actual injury to Plaintiff's Second Amendment rights directly caused by Defendants' Executive Orders. Similar to Plaintiff's other claims, such harm is immediately redressable by this court upon a declaration that Defendants' actions are illegal and invalid and that the *status quo* must be restored.

## V.   **CONCLUSION**

Based on the foregoing, Plaintiff respectfully requests that the Court deny the Defendants' Motion to Dismiss.

---

[23] Docket No. 1 ¶¶68-71

13

Dated: April 27, 2016                          Respectfully submitted,

                                    */s/ Larry Klayman*
                                               Larry Klayman, Esq.
                                               FL Bar No. 246220
                                               7050 W Palmetto Park Road, Unit 15-287
                                               Boca Raton, Florida 33433
                                               Telephone:  (310) 595-0800
                                               E-mail:  leklayman@gmail.com

14

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this April 27, 2016 a true and correct copy of the foregoing Plaintiff's Opposition to the Defendants' Motion to Dismiss was filed with the Court through the Court's Electronic Case Filing system, and will be delivered electronically to all counsel for the Defendants who have entered an appearance in this case through the ECF system, including:

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

JOHN R. TYLER
Assistant Director, Federal Programs Branch

BAILEY W. HEAPS (CA Bar No. 295870)
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue NW
Washington, D.C. 20530
Telephone: (202) 514-1280
Facsimile: (202) 616-8470
Bailey.W.Heaps@usdoj.gov
*Counsel for Defendants*

WIFREDO A. FERRER
U.S. Attorney for the Southern District of Florida

Mr. Anthony Erickson Pogorzelski, Esq.
ASSISTANT U.S. ATTORNEY
99 N.E. 4th Street, 3rd Floor
Miami, Florida 33132
Tel: (305) 961-9296
Fax: (305) 530-7139
Email: anthony.pogorzelski@usdoj.gov


 */s/ Larry Klayman*
Larry Klayman, Esq.

15