UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-80087-CIV-MIDDLEBROOKS

LARRY KLAYMAN,

       Plaintiff,

v.

BARACK OBAMA *et al.*,

       Defendants.

_____/

**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF**
**MOTION TO DISMISS AND MOTION FOR SUMMARY JUDGMENT**

## TABLE OF CONTENTS

INTRODUCTION .................................................................................................................... 1

ARGUMENT ........................................................................................................................... 2

    I.   THE COURT LACKS JURISDICTION TO CONSIDER PLAINTIFF'S CLAIMS. ........ 2

       A.  Plaintiff Lacks Standing. ...................................................................................... 2

          1.  Plaintiff Has Failed Adequately to Allege That He Has Standing……………………2

          2.  There is No Evidence in the Record Establishing Plaintiff's Standing………………6

       B.  Plaintiff Has Not Challenged Final Agency Action. ........................................................ 6

    II.  EACH OF PLAINTIFF'S CLAIMS LACKS MERIT ......................................................... 8

CONCLUSION…………………………………………………………………………………….10

## TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009).................................................................................................... 4

*Action on Smoking & Health v. Dep't of Labor*,
    28 F.3d 162 (D.C. Cir. 1994)...................................................................................... 7

*Am. Civil Liberties Union of Fla., Inc. v. Dixie Cty., Fla.*,
    690 F.3d 1244 (11th Cir. 2012) .................................................................................. 6

*Baggett v. First Nat'l Bank of Gainesville*,
    117 F.3d 1342 (11th Cir. 1997) .................................................................................. 5

*Bennett v. Spear*,
    520 U.S. 154 (1997).................................................................................................... 7

*Celotex Corp. v. Catrett*,
    477 U.S. 317 (1986).................................................................................................... 6

*City Pension Fund for Firefighters & Police Officers in Miami Beach v. Aracruz Cellulose S.A.*,
    41 F. Supp. 3d 1369 (S.D. Fla. 2011) ........................................................................ 4

*Cohen v. United States*,
    578 F.3d 1 (D.C. Cir. 2009)........................................................................................ 8

*Ctr. for Auto Safety v. Nat'l Highway Traffic Safety Admin.*,
    710 F.2d 842 (D.C. Cir. 1983)...................................................................................... 7

*Ctr. for Law & Educ. v. Dep't of Educ.*,
    396 F.3d 1152 (D.C. Cir. 2005).................................................................................. 5

*Deer Park Spring Water, Inc. v. Appalachian Mountain Spring Water Co.*,
    762 F. Supp. 62 (S.D.N.Y. 1991) .............................................................................. 8

*Houston v. Marod Supermarkets, Inc.*,
    733 F.3d 1323 (11th Cir. 2013) .................................................................................. 5

*In re Murray Energy Corp.*,
    788 F.3d 330 (D.C. Cir. 2015)...................................................................................... 7

*LabMD, Inc. v. F.T.C.*,
    776 F.3d 1275 (11th Cir. 2015) .................................................................................. 7

*Lujan v. Defs. of Wildlife*,
  504 U.S. 555 (1992) ........................................................................................ 2, 4, 6

*Nat'l Parks Conservation Ass'n v. Norton*,
  324 F.3d 1229 (11th Cir. 2003) ................................................................................ 7

*Region 8 Forest Serv. Timber Purchasers Council v. Alcock*,
  993 F.2d 800 (11th Cir. 1993) ................................................................................ 6

*Simon v. E. Ky. Welfare Rights Org.*,
  426 U.S. 26 (1976) .................................................................................................. 4

*Susan B. Anthony List v. Driehaus*,
  134 S. Ct. 2334 (2014) ............................................................................................ 3

*Texas v. United States*,
  809 F.3d 134 (5th Cir. 2015) .................................................................................... 9

*United States v. Carter*,
  801 F.2d 78 (2d Cir. 1986) ...................................................................................... 5

*United States v. Esquenazi*,
  752 F.3d 912 (11th Cir. 2014) ............................................................................... 10

**Statutes**

18 U.S.C. § 921(a)(21)(C) ............................................................................................. 3

18 U.S.C. § 922……………………………………………………………………………..10

**Rules**

Fed. R. Civ. P. 56 ........................................................................................................... 6

Fed. R. Civ. P. 56(c) ...................................................................................................... 8

**Regulations**

20 C.F.R. pt. 421 ........................................................................................................... 2

27 C.F.R. § 478.11 ...................................................................................................... 10

**Other Authorities**

81 Fed. Reg. 27,059 (2016) ...................................................................................... 2, 6

NICS Improvement Amendments Act of 2007,
   Pub L. No. 110-180, 122 Stat. 2559 (2008)................................................................................ 8

## INTRODUCTION

Despite filing *two* briefs in response to Defendants' dispositive motions, Plaintiff cannot manufacture jurisdiction where there is none. Plaintiff's submissions continue to perpetuate the same fundamental misrepresentations of the policies at issue — namely, a Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") Guidance document ("ATF Guidance"), *see* ECF No. 8-5, and an announcement that the Social Security Administration ("SSA") will begin the rulemaking process[1] — and fail to rebut Defendants' core contention, which is that the Court lacks Article III jurisdiction. *See* Pl.'s Opp'n to Defs.' Mot. to Dismiss ("Pl.'s MTD Br."), ECF No. 25; Pl.'s Opp'n to Defs.' Mot. for Summ. J. ("Pl.'s MSJ Br."), ECF No. 24. At the summary judgment stage, a plaintiff must point to specific record evidence demonstrating that he has standing. Plaintiff has offered no evidence demonstrating that he has suffered an Article III injury-in-fact or that he satisfies the other elements of Article III standing. That failure, by itself, requires judgment for Defendants. But even were that not so, dismissal for lack of jurisdiction is required because Plaintiff has failed even to plead facts sufficient to establish standing, as is his burden. Thus, although Plaintiff identifies himself as an owner and collector of guns, he makes only conclusory assertions that the ATF Guidance changes the law, without identifying any facts that might even arguably indicate that Plaintiff comes within the scope of the Guidance and is now considered a dealer of firearms. As to the future SSA rule, not only is Plaintiff's challenge premature because the proposed rulemaking has not yet been finalized, he has not alleged that the future rule will apply to him. The Court lacks jurisdiction to consider Plaintiff's APA claims for another reason too: Plaintiff does not challenge final agency action.

---

[1] Importantly, Plaintiff fails to mention, and thus has abandoned, his claims against the Presidential Memorandum calling for three executive agencies to research gun safety technology.

Even were the Court to conclude that it has jurisdiction and can reach the merits, it should grant summary judgment to Defendants.  Plaintiff's procedural APA challenge fails because he cannot demonstrate that the ATF Guidance binds the public, and therefore it cannot be characterized as a legislative rule subject to notice-and-comment rulemaking.  Likewise, Plaintiff's substantive APA claim is doomed by his inability to demonstrate that the ATF Guidance is inconsistent with the statute it explains.  As to Plaintiff's claims that ATF and SSA exceeded the scope of their authority; that the ATF Guidance is void for vagueness; and that Defendants transgressed the Take Care Clause, Plaintiff has failed to counter Defendants' dispositive arguments.  Judgment must therefore be entered for the government.[2]

## ARGUMENT

### I.    THE COURT LACKS JURISDICTION TO CONSIDER PLAINTIFF'S CLAIMS.

#### A.    Plaintiff Lacks Standing.

As Defendants explained in their opening brief, the Court lacks jurisdiction to consider Plaintiff's claims because he does not have Article III standing.  Most conspicuously, he has failed to plead or identify record evidence to prove that either the ATF Guidance or the future SSA rule has caused or will cause him an injury-in-fact that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical."  *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992).

##### 1.    *Plaintiff Has Failed Adequately to Allege That He Has Standing.*

ATF Guidance: Plaintiff's entire claim to injury rests on his allegation that he faces an increased risk of prosecution because the ATF Guidance "changes the law."  *See* Pl.'s MTD Br.

---

[2] By way of additional background, consistent with the prior announcement, SSA published a Notice of Proposed Rulemaking ("NPRM") in the Federal Register on May 5.  *See* Implementation of the NICS Improvement Amendments Act of 2007, 81 Fed. Reg. 27,059 (2016) (to be codified at 20 C.F.R. pt 421).

1, 2, 8, 10.  Plaintiff's Complaint must be dismissed, however, because he has not alleged facts sufficient to show that he even arguably comes within the scope of the ATF Guidance.  As Defendants explained in their opening brief, *see* Memorandum in Support of Motions to Dismiss and for Summary Judgment ("Defs.' Mot.") 13–14, ECF No. 18-1, although Plaintiff has alleged that he owns guns for self-defense and as collectors' items, Compl. ¶ 8, ECF No. 1, and that he intends to "buy, sell, trade, or gift these guns or additional guns like any other American considered about safety," *id.* ¶ 9, such allegations are insufficient to show he faces prosecution as a result of the ATF Guidance, for at least two reasons.  First, pursuant to the Guidance, a dealer "devotes time, attention, and labor to dealing in firearms as a regular course of trade or business with the principal objective of livelihood and profit through the repetitive purchase and resale of firearms," *see* ATF Guidance 2, 5; 18 U.S.C. § 921(a)(21)(C), which Plaintiff has not alleged he does, and second, activities such as purchasing firearms for self-defense or to collect are *expressly* excluded from the definition of dealer, *see* ATF Guidance 2, 5; 18 U.S.C. § 921(a)(21)(C).

Plaintiff's opposition does not address these fundamental defects.  As an initial matter Plaintiff is wrong in asserting that he enjoys "the benefit of the presumption that Plaintiff's allegations are well-pled," Pl.'s MTD Br. 6, since "[t]he party invoking federal jurisdiction bears the burden of establishing standing," *Susan B. Anthony List v. Driehaus*, 134 S. Ct. 2334, 2342 (2014) (citation omitted).  In any event, Plaintiff's submission repeats his assertion that he owns and collects firearms, Pl.'s MTD Br. 7–8 (citing Compl. ¶ 8), but, as just set forth above, that does not make him a dealer under either the statute or the Guidance.  Plaintiff also notes that he has alleged an intention to "buy and sell guns as permitted by current law," Compl. ¶ 9; *see also* Pl.'s MTD Br. 10, but he does not say how the ATF Guidance now limits what he can do.

Indeed, despite his several submissions, and after extensive briefing by Defendants, Plaintiff still has not explained where the ATF Guidance alters the statutory definitions such that the facts he *has* alleged make him a dealer.  His bald assertion that "[p]rior to Defendants' Executive Orders, Plaintiff would have been free to sell or transport any of his firearms without fear of criminal repercussions," but now "given the vague new definition of a 'dealer' . . . Plaintiff may be categorized as a 'dealer,'" Pl.'s MTD Br. 8, does not suffice, as such unadorned conclusions are not sufficient to survive a motion to dismiss.  Courts only assume the truth of factual allegations — *e.g.*, that Plaintiff owns guns for self-defense and as collectors' items — not, as Plaintiff asks, *see id.* at 6 8, legal conclusions, *see, e.g.*, *City Pension Fund for Firefighters & Police Officers in Miami Beach v. Aracruz Cellulose S.A.*, 41 F. Supp. 3d 1369, 1388 (S.D. Fla. 2011).  Plaintiff here seeks to rely on exactly what the Supreme Court in *Ashcroft v. Iqbal* said a plaintiff cannot: "an unadorned, the-defendant-unlawfully-harmed-me accusation."  556 U.S. 662, 678 (2009).

Plaintiff's failure to identify the specific manner in which the Guidance purportedly visits injury upon him underscores another reason why his Complaint must be dismissed: Plaintiff has failed to establish that it is "'likely,' as opposed to merely 'speculative,' that [his] injury will be 'redressed by a favorable decision.'"  *Lujan*, 504 U.S. at 561 (quoting *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 38 (1976)).  That is, Plaintiff has still not explained with any specificity how this Court enjoining the ATF Guidance would alter his likelihood of prosecution.  By way of illustration, although Plaintiff intimates that the ATF Guidance subjects him to prosecution because it says an individual can be considered a dealer despite engaging in "only one or two transactions," Pl.'s MTD Br. 10 (quoting ATF Guidance 1, 5), it has long been the case (and certainly well before the ATF Guidance was adopted) that there is no "magic number"

4

of sales that must be made before one can be considered a dealer.  *See, e.g.*, *United States v. Carter*, 801 F.2d 78, 82 (2d Cir. 1986).

Plaintiff's procedural APA claim fares no better than his others.  Although the "imminence and redressability requirements" may be relaxed for such claims, as Plaintiff acknowledges, Pl.'s MTD Br. 11, "the procedural-rights plaintiff must still satisfy the general requirements of the constitutional standards of particularized injury and causation," *Ctr. for Law & Educ. v. Dep't of Educ.*, 396 F.3d 1152, 1159 (D.C. Cir. 2005).  Plaintiff's procedural APA claim therefore fails for exactly the same reason as his others: the ATF Guidance does not make it any more likely that he will be prosecuted.

Future SSA Rule: That Plaintiff lacks standing to challenge the proposed SSA rule is even more obvious.  Defendants pointed out that the mere announcement of a future rule cannot create "a real and immediate threat of future injury." *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1329 (11th Cir. 2013).  Even on the basis of Plaintiff's own representation of what the rule will say, Plaintiff lacks standing because he has alleged neither that he suffers from a mental health "issue," nor that he receives Social Security Disability payments, and thus will not be impacted by the rule's promulgation.  *See* Pl.'s MTD Br. 12–13; *see also* Compl. ¶¶ 63–75. Plaintiff offers no response except to say that the future SSA rule will "preclude a whole new subset of individuals from purchasing firearms legally," but he still has not explained how he is part of that (alleged) subset such that his ability to purchase a firearm will change from "undeniably qualified to suddenly in question," Pl.'s MTD Br. 12, 13.[3]

---

[3] The Complaint must be dismissed for lack of standing regardless of any changes wrought, or clarification provided, by the NPRM, as "[t]he question whether subject matter jurisdiction exists is measured as of the time the Complaint was filed." *Baggett v. First Nat'l Bank of Gainesville*, 117 F.3d 1342, 1352 (11th Cir. 1997).  Moreover, a closer look at the NPRM further demonstrates Plaintiff's lack of standing.  The proposed rule would require SSA

2.      *There Is No Evidence in the Record Establishing Plaintiff's Standing.*

Even if Plaintiff had adequately alleged facts sufficient to support standing, "[w]hen the attack on standing occurs via a motion for summary judgment, the plaintiffs can no longer rest on their allegations, 'but must set forth by affidavit or other evidence specific facts which for the purpose of summary judgment will be taken as true.'" *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 806 (11th Cir. 1993) (quoting *Lujan*, 504 U.S. at 561).  In addition to an affidavit, "other evidence" can come in the form of a deposition, answers to interrogatories, or admissions on file. *See Am. Civil Liberties Union of Fla., Inc. v. Dixie Cty., Fla.*, 690 F.3d 1244, 1247 (11th Cir. 2012).  Plaintiff has not brought forward anything.  He has not filed an affidavit.  He has not filed a declaration.  He has not filed a deposition.  He has not submitted anything else, either.   Even the facts that Plaintiff has pleaded — which are themselves insufficient to establish standing — are not supported by evidence in the record.

Consequently, because Rule 56 "mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial," the Court *must* grant summary judgment for Defendants on the ground that Plaintiff lacks standing. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). [4]

B.      Plaintiff Has Not Challenged Final Agency Action.

As Defendants contended in their motion to dismiss, this Court lacks jurisdiction over Plaintiff's APA claims because he has not challenged final agency action, insofar as neither the

---

to prospectively identify individuals who *inter alia* (1) filed a claim based on disability (2) on the basis of a particular qualifying mental impairment and (3) require payment of benefits through a representative payee.   81 Fed. Reg. 27,059.  Plaintiff has not alleged that he satisfies *any* of these criteria.

[4] Finally, Plaintiff discusses prudential standing, *see, e.g.*, Pl.'s MTD Br. 9, but Defendants have not challenged his complaint on such grounds.

ATF Guidance nor the SSA rule alter legal rights or obligations or mark the consummation of the agency's decisionmaking process. *See* Defs.' Mot. 15–22; *see also Bennett v. Spear*, 520 U.S. 154, 177–78 (1997). Plaintiff argues that such an argument is "improperly brought in this context and must be ignored." Pl.'s MTD Br. 7. He is wrong. In this circuit, final agency action is a jurisdictional requirement. *Nat'l Parks Conservation Ass'n v. Norton*, 324 F.3d 1229, 1236 (11th Cir. 2003). It cannot be the case, then, that it is improper to challenge final agency action in a motion to dismiss for lack of subject matter jurisdiction, and Plaintiff cites no contrary authority. Indeed, binding circuit precedent is clear that APA claims against non-final agency actions must be dismissed for lack of jurisdiction. *See, e.g.*, *LabMD, Inc. v. FTC*, 776 F.3d 1275, 1278 (11th Cir. 2015).

Plaintiff's remaining arguments can likewise be rejected. He contends that a document labeled guidance can theoretically be final agency action, *see* Pl.'s MTD Br. 7, which may well be true in some cases, but, for all of the reasons set forth in Defendants' motion to dismiss, is not true here. He further argues that the ATF Guidance alters rights or obligations because it "mandate[s]" that "Defendants . . . apply the new definition of 'dealer,'" *id.*, but Defendants included in their motion to dismiss an extended explanation of how the Guidance merely explicates relevant judicial decisions, *see* Defs.' Mot. 16–18, and Plaintiff has not offered any rebuttal. Finally, Plaintiff makes no argument as to how the future SSA rule is final agency action. *See* Pl's MTD. Br. 7.[5]

---

[5] Importantly, the NPRM SSA has now issued is also not final agency action. *See In re Murray Energy Corp.*, 788 F.3d 330, 333–34 (D.C. Cir. 2015) (declining to hear challenge to proposed rule); *Action on Smoking & Health v. Dep't of Labor*, 28 F.3d 162, 164–65 (D.C. Cir. 1994) (finding challenge to notice of proposed rulemaking unripe); *Ctr. for Auto Safety v. Nat'l Highway Traffic Safety Admin.*, 710 F.2d 842, 846 (D.C. Cir. 1983) (An NPRM "often will not be ripe for review because the rule may or may not be adopted or enforced.").

## II.    EACH OF PLAINTIFF'S CLAIMS LACKS MERIT.[6]

Because Plaintiff's Complaint suffers from glaring jurisdictional defects, the Court cannot reach the merits of Plaintiff's claims.  If the Court disagrees, however, it should grant summary judgment to Defendants as to each claim.

Procedural APA Challenge: Defendants moved for summary judgment on Plaintiff's procedural APA claim on the ground that the ATF Guidance does not bind the public, instead explicating relevant judicial decisions, and thus cannot be characterized as a legislative rule subject to notice-and-comment rulemaking.  Defs.' Mot. 15–18, 24–27.  Plaintiff responds by repeating his assertion that the Guidance changes the definition of who is a dealer, but again, he never explains how.  Pl.'s MSJ Br. 9.  Plaintiff likewise urges that the Guidance is binding insofar as it "use[s] 'mandatory words like 'will' instead of permissive words like 'may.'"  *Id.* (citing *Cohen v. United States*, 578 F.3d 1, 7 (D.C. Cir. 2009)).  Not so.  The Guidance uses the word "will" in just two sentences (one of which is repeated three times) describing the licensing requirement: first, to explain you "will" need a license if you meet the statutory definition of dealer, ATF Guidance 1, and, second, to emphasize that "the relative importance of any of the factors [identified by courts] will vary depending on the facts and circumstances applicable to the individual seller."  *Id.* at 4.  The Guidance is simply not the edict Plaintiff wishes it to be.  Finally, Plaintiff maintains that the ATF Guidance is a legislative rule because it binds ATF

---

[6] Plaintiff argues that Defendants' Motion for Summary Judgment is improper because they did not submit a separate statement of undisputed material facts. Pl.'s MSJ Br. 2.  Setting aside that it is in fact Plaintiff's statement that is plagued by numerous defects, *see* Defs.' Response to Pl.'s Statement of Undisputed Material Facts, ECF No. 18-2, Plaintiff's contention (1) is not supported by Federal Rule of Civil Procedure 56(c), upon which he relies, and (2) ignores that Defendants do not believe there are any material factual disputes here. *See id.* at 3; *see also Deer Park Spring Water, Inc. v. Appalachian Mountain Spring Water Co.*, 762 F. Supp. 62, 65 (S.D.N.Y. 1991) (rejecting proposition that cross-movant for summary judgment must always file own statement of facts).

agents.  *See* Pl.'s MSJ Br. 9–10.  At a minimum, that contention must be rejected because Plaintiff offers no support for that proposition, and it is hard to imagine how he could.  The ATF Guidance, entitled "Do I Need a License to Buy and Sell Firearms?" — with a subheading of, "Guidance to help you understand when a Federal Firearms License is required under federal law" — is aimed at the public, not ATF agents.  *See* ATF Guidance.[7]

Substantive APA Claim: Plaintiff's primary substantive APA argument is that the ATF Guidance contravenes Congressional enactments.  Pl.'s MSJ Br. 13.  But as Defendants argued in their motion for summary judgment, Plaintiff has not explained how ATF Guidance amended the statutory definition of dealer.  Defs.' Mot. 27–28.  And, despite Defendants noting that Plaintiff had not clarified his Second Amendment claim, he still has not done so.  Pl's MSJ Br. 13.  Finally, although Plaintiff devotes a heading to the non-delegation doctrine, he presents no argument in support of his claim that Defendants have violated it.  *See id.* at 16–17.

Scope of Executive Authority: Plaintiff doubles down on his claim that the ATF Guidance and SSA rule exceed the scope of executive authority, but each of his contentions must fail.  First, he recasts his procedural APA claim as one going to ATF's authority to issue its Guidance.  For the reasons stated above, *see supra* p. 8, that contention is unavailing.  As to the SSA rule, Plaintiff argues first, again without citation, that SSA lacks authority to "preclude a whole new subset of individuals from purchasing firearms legally."  Pl.'s MSJ Br. 14.  But Section 101(a)(4) of the NICS Improvement Amendments Act of 2007, Pub L. No. 110-180, 122

---

[7] Plaintiff spends much of his brief discussing how *Texas v. United States*, 809 F.3d 134 (5th Cir. 2015) bolsters his procedural APA claim, *see* Pl.'s MSJ Br. 7–8, but never responds to Defendants' arguments as to why that decision is inapposite, *see* Defs.' Mot. 25–26.  Days after filing his opposition briefs, Plaintiff filed a "Notice of Supplemental Case Authority," *see* ECF No. 26, again pointing the Court toward the District Court and Fifth Circuit opinions in *Texas*. That notice should be disregarded.  Those decisions, already discussed *ad nauseam* in Plaintiff's submissions, are over a year old.  Plaintiff has no excuse not to have made the points he wishes to make about *Texas* in his many other briefs.

Stat. 2559 (2008) (codified at 18 U.S.C. § 922 note), plainly allows federal agencies possessing records demonstrating that an individual is subject to the federal mental health prohibitor to "provide the pertinent information contained in such record to the Attorney General."  Plaintiff also argues that, by reporting individuals it has adjudicated to be mentally incompetent, SSA "takes the determination out of the hands of the courts," Pl.'s MSJ Br. 14, but such determinations were never entirely in the hands of the courts.  ATF, for example, has long determined that one can be "[a]djudicated as a mental defective" "by a court, board, commission, or other lawful authority."  27 C.F.R. § 478.11.

Void for Vagueness: Defendants explained in their opening brief, and Plaintiff has not refuted, *see* Pl.'s MSJ Br. 14–16, that "nonspeech vagueness challenges are only cognizable as applied," *United States v. Esquenazi*, 752 F.3d 912, 929 (11th Cir. 2014), *cert. denied*, 135 S. Ct. 293 (2014).  This is not an as applied challenge, so Plaintiff's claim must therefore be rejected.

Take Care Clause: Plaintiff cuts and pastes quotations from a collection of Supreme Court cases, *see* Pl.'s MSJ Br. 17–18, in an effort to demonstrate that the Take Care clause is judicially enforceable, but never analyzes how these quotations apply to this case, explains how his Take Care Clause claim is not simply duplicative of his other claims, or rebuts Defendants' arguments that they have acted consistently with their Take Care Clause obligations.  *See* Defs.' Mot. 31–32.  Summary judgment in favor of Defendants is proper as a result.

## CONCLUSION

For the foregoing reasons, the Court should dismiss the Complaint for lack of subject matter jurisdiction or, in the alternative, grant Defendants' motion for summary judgment.

DATED: May 18, 2016                     Respectfully submitted,

                                        BENJAMIN C. MIZER
                                        Principal Deputy Assistant Attorney General

WIFREDO A. FERRER
U.S. Attorney

JOHN R. TYLER
Assistant Director, Federal Programs Branch

  */s/ Bailey W. Heaps*
BAILEY W. HEAPS (CA Bar No. 295870)
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue NW
Washington, D.C. 20530
Telephone: (202) 514-1280
Facsimile: (202) 616-8470
Bailey.W.Heaps@usdoj.gov

*Counsel for Defendants*

11

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing was served electronically on May 18, 2016, on all counsel or parties of record on the Service List below.

                                  */s/ Bailey W. Heaps*
                                  BAILEY W. HEAPS (CA Bar No. 295870)
                                  Trial Attorney
                                  U.S. Department of Justice
                                  Civil Division, Federal Programs Branch
                                  20 Massachusetts Avenue NW
                                  Washington, D.C. 20530
                                  Telephone: (202) 514-1280
                                  Facsimile: (202) 616-8470
                                  Bailey.W.Heaps@usdoj.gov


**SERVICE LIST**
MR. LARRY E. KLAYMAN, ESQ.
The Klayman Law Firm.
7050 W Palmetto Park Rd.
Suite 15-287
Boca Raton, Florida 33433
Email: leklayman@gmail.com
*Plaintiff*