**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 16-80087-CIV-MIDDLEBROOKS**

LARRY KLAYMAN,

      **Plaintiff,**

vs.

BARACK OBAMA, et al.,

      **Defendants.**

_____/

**DEFENDANTS' RESPONSE TO**
**PLAINTIFF'S MOTION FOR CLARIFICATION**

Plaintiff has moved for clarification from the Court.  *See* ECF No. 30.  Defendants do not oppose Plaintiffs' motion for clarification, *per se*, but submit that the answer to Plaintiff's question is abundantly clear: the Court's scheduling order has not been stayed and Plaintiff *long ago* missed his chance to request discovery.

On February 4, 2016, Magistrate Judge Brannon entered a pretrial scheduling order setting forth that discovery was due by May 16, 2016.  *See* ECF No. 10.  That date has passed. Not once prior to that date did Plaintiff indicate that he would be seeking to take discovery, and he cannot now claim otherwise.  *See* Local Rule 16(b)(6) (requiring compliance with pretrial order).  Plaintiff's suggestion that the Court *sub silentio* stayed or held-in-abeyance the pre-trial dates should not be taken seriously.  Insofar as Plaintiff's suggestion is that Defendants' *unsuccessful* motion to stay proceedings on Plaintiff's motion for summary judgment, *see* ECF No. 11, stayed the pre-trial scheduling order, it did no such thing.  Plaintiff opposed that request, stating that he "strenuously opposes any stay of this case, as time is of the essence given the

important constitutional and other issues at bar." ECF No. 12 at 2. He added that the case should "move forward on an expeditious basis." *Id.* Plaintiff cannot now turn around and argue that the stay was in fact at least partially granted. *See* ECF No. 14 (granting motion for extension but denying motion for stay).

The course of litigation to date similarly indicates that Plaintiff's newly expressed interest in taking discovery comes too late. Plaintiff moved for summary judgment just days after serving the United States with his Complaint. *See* ECF No. 8. If Plaintiff believed that discovery was warranted, he should have waited to file that motion. *Cf.* Local Rule 7.1(c)(2) ("Filing multiple motions for partial summary judgment is prohibited."); *Jeffrey O. v. City of Boca Raton*, 511 F. Supp. 2d 1328, 1338 (S.D. Fla. 2007) (Middlebrooks, J.) ("The local rules allow a party one chance to file a motion for summary judgment to dispose of the claims at issue."). Critically, nowhere in Plaintiff's submission did he assert that this case turns on disputed issues of fact. *See generally* ECF No. 8. Defendants then moved to dismiss and cross-moved for summary judgment, *see generally* ECF No. 18, based on the undisputed facts. In opposition to those motions, Plaintiff *again* failed to even imply that further factual development is necessary. *See generally* ECF Nos. 24, 25. Plaintiff's latest submission is also circumspect with regard to any possible basis for discovery. *See* ECF No. 30.

In any event, Plaintiff has challenged on constitutional and APA grounds two executive initiatives: a guidance document and the announcement of a future rule. The Court has both in front of it. Moreover, APA claims are properly decided on record review. *See, e.g.*, *Camp v. Pitts*, 411 U.S. 138, 142 (1973). Defendants thus submit that the Court needs no additional information and that it can, on the basis of the record as it exists today, either dismiss the

Complaint for lack of subject matter jurisdiction or grant summary judgment to one party or the

other.[1]

DATED: June 7, 2016                           Respectfully submitted,

                                              BENJAMIN C. MIZER
                                              Principal Deputy Assistant Attorney General

                                              WIFREDO A. FERRER
                                              U.S. Attorney

                                              JOHN R. TYLER
                                              Assistant Director, Federal Programs Branch

                                                 */s/ Bailey W. Heaps*
                                              BAILEY W. HEAPS (CA Bar No. 295870)
                                              Trial Attorney
                                              U.S. Department of Justice
                                              Civil Division, Federal Programs Branch
                                              20 Massachusetts Avenue NW
                                              Washington, D.C. 20530
                                              Telephone: (202) 514-1280
                                              Facsimile: (202) 616-8470
                                              Bailey.W.Heaps@usdoj.gov

                                              *Counsel for Defendants*

---

[1] In the event the Court disagrees, Defendants assert that the pre-trial scheduling order should be stayed until the Court resolves the parties' dispositive motions.  Given the uncertainty as to which of Plaintiff's claims might survive and be deemed ripe for trial, it would conserve the parties' and the Court's resources to postpone any discovery until that time.

**<u>Certificate of Service</u>**

I hereby certify that a true and correct copy of the foregoing was served electronically on June 7, 2016, on all counsel or parties of record on the Service List below.

    */s/ Bailey W. Heaps*
BAILEY W. HEAPS (CA Bar No. 295870)
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue NW
Washington, D.C. 20530
Telephone: (202) 514-1280
Facsimile: (202) 616-8470
Bailey.W.Heaps@usdoj.gov

**SERVICE LIST**
MR. LARRY E. KLAYMAN, ESQ.
The Klayman Law Firm.
7050 W Palmetto Park Rd.
Suite 15-287
Boca Raton, Florida 33433
Email: leklayman@gmail.com
*Plaintiff*